[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13193

Non-Argument Calendar

_____

KIMELYN A. MINNIFIELD,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK, NA,
as Trustee for the Pooling and Servicing Agreement dated
as of May 1, 2005 Asset Backed Pass-Through Certificates,
Series 2005-WHQ3,
PHH MORTGAGE CORPORATION,
ALDRIDGE PITE LLP,
OCWEN LOAN SERVICING, INC.,

2                    Opinion of the Court                    21-13193

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00801-TWT

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Kimelyn Minnifield, an attorney proceeding *pro se*, filed an action against Wells Fargo Bank, NA, "as Trustee" ("Wells Fargo"), PHH Mortgage Corporation ("PHH"), and Ocwen Loan Servicing, Inc. ("Ocwen") (collectively, "the Bank Defendants") and Aldridge Pite LLP ("AP"), alleging that they engaged in debt-collection practices that violated the Fair Debt Collection Practices Act ("FDCPA"). She appeals the district court's grant of the defendant's motion to dismiss her FDCPA claims for failure to state a claim. Minnifield argues that the district court erred when it determined that the defendants were not debt collectors within the meaning of the FDCPA.

Under Eleventh Circuit Rule 3-1, a party who fails to object to a magistrate judge's report and recommendation ("R&R") "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided

the party who failed to object "was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1; *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020). Consequently, we will only review a waived objection for plain error if "necessary in the interests of justice." 11th Cir. R. 3-1. Review for plain error "rarely applies in civil cases." *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).

Here, Minnifield waived any challenge on appeal to the district court's conclusion that she failed to plead sufficient facts to draw the reasonable inference that the defendants are debt collectors under the FDCPA because she did not object to the magistrate judge's R&R. While this rule only applies when the court informs the litigant of the opportunity to object and the consequences of not doing so, *Harrigan*, 977 F.3d at 1191, the court provided clear notice to Minnifield of the time period for objecting and the consequences of failing to object. We readily conclude that there is no plain error in light of the circumstances of this case.

Accordingly, the judgment of the district court is

**AFFIRMED.**